# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

DONOVAN THOMAS                      CIVIL ACTION NO. 12-1967-P

VERSUS                              JUDGE HICKS

DEPARTMENT OF PUBLIC                MAGISTRATE JUDGE HORNSBY
SAFETY & CORRECTIONS, ET AL.

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the

undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff

Donovan Thomas ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received

and filed in this court on July 19, 2012.  Plaintiff is incarcerated at the David Wade

Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison

officials.  He names the Department of Public Safety and Corrections, James LeBlanc, Jerry

Goodwin, Paula Millwee and Angie Huff as defendants.

Plaintiff claims he is HIV positive.  Plaintiff claims that every time he left David

Wade Correctional Center for court dates, he was out of his HIV medications.  He claims

the pill cart officers were aware that he did not have his medications and told him that his

medications had been ordered.  Plaintiff claims that on March 19, 2012, he returned to

David Wade Correctional Center from E. Hunt Correctional Center with a week supply of

medications.  He claims that on March 21, 2012, he was transported to the viral disease clinic to confirm his medications and dosages.

Plaintiff claims that on March 26, 2012, he was out of his one week supply of medications.  Plaintiff claims that on March 27, 2012, he questioned Officer Goodgoin about his medications and was told that they had been ordered.

Plaintiff claims that on April 2, 2012, he filed a grievance in the administrative remedy procedure regarding his lack of HIV medications.  He claims that on April 9, 2012, nurse Paula Millwee responded that she had discovered he was out of his medication. Plaintiff claims Millwee was negligent because he was seen at the clinic on March 21, 2012, and the doctor wrote an order for his HIV medications.  He claims Millwee failed to review the paperwork from his appointment ordering his medications.

Plaintiff claims the fourteen (14) days from March 27, 2012 to April 2, 2012 without his medication were stressful because he knew of the harms caused by missing his medications.

Plaintiff claims Warden Goodwin and Warden Angie Huff alleged they addressed his medication problems.  He claims Goodwin and Huff ignored the 14 days he was without medications and suffered mental anguish.  He further claims no one was held liable for his missed medications.

Plaintiff claims Warden Huff failed to address the negligence of Millwee and affirmed her report.  Plaintiff claims Warden Goodwin affirmed the report of Warden Huff without addressing the unethical behavior of his staff.  Plaintiff claims James LeBlanc also

denied his request for relief and failed to adequately and fairly review his grievance.

As relief, Plaintiff seeks monetary compensation.

## LAW AND ANALYSIS

### Medical Care: Denial of Medication

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  A delay in medical care will violate the Eight Amendment only if the delay is based on deliberate indifference and results

in substantial harm.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.  See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997);  Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).  Plaintiff admits he was seen by medical personal in February, March, June and August of 2012.

Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."  Furthermore, Plaintiff does not allege how the approximately 14 day delay in receiving his medications was based on deliberate indifference.  In fact, Plaintiff admits it was caused by negligence.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not

amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).   Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).  Accordingly, Plaintiff's claim should be dismissed with prejudice as frivolous.

**Administrative Remedy Procedure**

Plaintiff complains his grievance was rejected and not fairly and adequately reviewed.  Inmates do not have a constitutionally protected right to a prison administrative grievance procedure.  See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (United States District Court, Western District of Louisiana 4/24/00); Brown v. Dodson, et al., 863 F. Supp. 284 (United States District Court, Western District of Virginia 6/2/94); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).  A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct.  242, 102 L.Ed.2d 231.   Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures.  Thus, a prison

official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts.  Flick, supra.  Thus, insofar as Plaintiff alleges that the Defendants denied his constitutional rights in the prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the  time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 17th day of July 2015.

Mark L. Hornsby
U.S. Magistrate Judge